**John N. BOWERS and Alma S. Bowers, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 80–1759.**

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 12, 1981.

Decided May 26, 1982.

John N. Bowers and Alma S. Bowers, pro se.

Christina Burkholder, W. Jerold Cohen, Chief Counsel, I. R. S., M. Carr Ferguson, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

The Commissioner assessed a deficiency based upon the disallowance of a claimed business bad debt deduction. The Tax Court upheld the Commissioner, but, since

---

it did not address the taxpayer's contentions, we vacate the decision of the Tax Court and remand the case to it for further consideration.

The taxpayer, Bowers,[1] was the sole stockholder of a corporation engaged in the real estate business in Frederick, Maryland. He managed the business and served as a salesman and representative. He had no stipulated salary, but he drew as salary, commissions and bonus, each year, all available moneys in the corporation above a minimal amount for use as working capital. Usually the retained earnings at the end of each year was a modest sum ranging from approximately $14,000 to approximately $22,000.

By 1970 Bowers had formed a relationship with George Basiliko, the sole stockholder of Crown Oil and Wax Company of Delaware, Inc., who was also a real estate promoter and developer. Basiliko and his corporation became clients of Bowers Realty, and transactions negotiated on his behalf resulted in an extraordinary commission income to Bowers Realty in its fiscal years 1972 and 1973. This extraordinary corporate income was paid in substantial part to Bowers individually in the form of salary, commissions and bonuses. During the corporation's fiscal years ending 1968, 1969, 1970, 1971, 1974 and 1975 Bowers' compensation by the corporation was never more than $14,000, but in the corporation's fiscal years 1972 and 1973 his total compensation was $53,000 and $56,000 respectively.

At the end of the fiscal year 1973, the corporation's retained earnings were $16,-831, from which it is apparent that the extraordinary commission income realized from the Basiliko transactions was not retained by the corporation.

On May 30, 1972, Basiliko sought and obtained from Bowers, individually, a loan of $10,000. The loan was never repaid and the Tax Court found it to have become completely worthless by the end of 1974, the year in which the taxpayer took a deduction for it.

The Tax Court noticed that there was no basis for a finding that Bowers was in the business of lending money. Indeed, this, the only loan of which we are aware, provided no interest. It noted also that the loan could not have been for the purpose of insuring Bowers' continued employment by the corporation. He was in complete control of his own corporation and was unconcerned about loss of employment. The Tax Court, however, never addressed the taxpayer's real contention.

His contention was that his sole or predominant motivation for the loan was to maintain the enhanced level of his income as an employee of the corporation resulting from the handling of the Basiliko transactions. He alleges that Basiliko's good will and continuing employment of the corporation in real estate transactions was necessary to maintain the extraordinarily high level of the taxpayer's remuneration as an employee.

It is quite obviously true that the worthless loan cannot be deducted as a business bad debt on either of the theories noticed by the Tax Court, but the unnoticed contention the taxpayer made deserves the Tax Court's explicit attention and explicit findings of fact. Only after the relevant facts have been found should the ultimate legal question be addressed.

We conclude that the judgment of the Tax Court should be vacated and the case remanded to that court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

1. The return was a joint one of the husband and wife, but only the husband's income and deductions are relevant. Hence, our reference to him as taxpayer.